**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| DONALD CHARLES WATTS, | : | |
| Petitioner, | : | |
| vs. | : | 1:03-CV-16-2 (WLS) |
| | : | 1:98-CR-32-2 (WLS)) |
| UNITED STATES OF AMERICA, | : | 1:00-CR-09 (WLS) |
| | : | § 2255 |
| Respondent. | : | |

**ORDER**

Before the Court is Petitioner/Appellant/Defendant's "objections to 5/23/2005 order and re-characterization of § 3582 motion by Court." (Tabs 153, 1:98-CR-32; 54, 1:00-CR-9). In a nutshell Watts takes issue with all of the Court's rulings concerning Watts' attempt to have his sentenced lowered either by this Court or as a result of a ruling of the Eleventh Circuit Court of Appeals. For the following reasons, many of the reasons having already been stated in previous orders, Watts' objection is **OVERRULED and DENIED.**

First, Watts argues that he never requested to proceed *in forma pauperis* in his present appeal of this Court's most recent rulings and orders. Watts' assertion is belied by the record. This assertion is untrue. In response to the Clerk's letter informing him of the necessity of paying the filing fee for filing a notice of appeal, Watts submitted a signed request to proceed *in forma pauperis* under both criminal case numbers. (Tabs 148, 1:98-CR-32; 48, 1:00-CR-9). Both motions were denied by this Court as this Court determined that Watts' attempt to modify his sentence was nothing more than a successive § 2255 petition. (Tabs 149, 1:98-CR-32, 52, 1:00-CR-9). The fact that Watts' chooses to call his petition for relief, a petition for relief in a criminal case, is not controlling. Watts' feelings and arguments notwithstanding, his petition for relief is a petition for relief cognizable only under § 2255. As it is a successive petition, Watts has failed to overcome the extensive pleading and substantive requirements necessary for relief. U.S. v. Garcia, 181 F.3d 1274 (11th Cir. 1999) (application to Court of Appeals for permission to file successive § 2255 petition).

Watts takes issue with the fact that in some of the orders, the case number of his previous unsuccessful § 2255 petition has been used by the Court. This was done not to characterize his present petition but used to reference his previous petition, along with his previous criminal cases. Probably, this case should have been given a new civil case number either at filing or once it was determined that this petition for relief is a successive petition under § 2255. Assigning case numbers, however, is an administrative process involving Court employees familiar with but not trained in the law. Throughout

this proceeding Watts has attempted to characterize his filings as extensions of his criminal case, and therefore, has contributed to the administrative confusion and difficulty in properly treating and identifying this case as a separate civil case. Technically, for administrative purposes, the clerk files a § 2255 motion under a civil file number although pleadings, briefs, etc., are actually filed in the related criminal file.

Watts makes the fallacious argument that the Court has somehow wrongly converted his "§ 3582 motion" into a successive § 2255 petition. Watts cites to Castro v. United States, 277 F.3d 1300 (11th Cir. 2002), which held that unless the district court notified a petitioner than his first post trial motion was being recharacterized as a §2255 motion, a second post trial petition could not be treated as a successive petition. Castro v. U.S., 277 F.3d 1300 (11th Cir. 2002), vacated by, O'Ryan Castro v. U.S., 290 F.3d 1270 (11th Cir. 2002), rev'd, Castro v. U.S., 537 U.S. 1170, 123 S.Ct. 993, 154 L.Ed.2d 911 (2003).

Watts filed a petition for relief under § 2255 on January 24, 2003. (Tab 1, 1:03-CV-16). Unlike his present petition for relief, Watts filed and called his original petition a petition for relief under § 2255. The Magistrate Judge concluded, and this Court agreed, that his present "§ 3582 motion" is nothing more than a successive § 2255 petition. (Tabs 137, 1:98-CR-32, 41, 1:00-CR-9). As Watts' first petition was clearly a § 2255 petition, there was no need to allow him to withdraw or amend that petition. As there exists no way for Watts to collaterally attack his convictions or sentences other than via a § 2255 petition, his self-styled "3582 motion" is an unauthorized attempt to get another bite at the apple.

Even if Watts could proceed under § 3582, the code section would provide him no relief. Watts cannot point to any change to the guidelines issued by the United States Sentencing Commission that would result in a lower sentence. Watts' previous reliance on Blakely was misplaced. Blakely defined the Sixth Amendment Constitutional limits of the guidelines, not the statutory framework of the guidelines *per se* or the validity of a particular guideline sentencing provision. So even if Watts' interpretation of post conviction law allowed his motion to be construed as something other than a successive § 2255 petition, it would be of no avail. Therefore, Watts' objection (Tabs 153, 1:98-CR-32; 54, 1:00-CR-9) is **OVERRULED and DENIED.**

**SO ORDERED**, this   6th   day of July, 2005.

      /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**